IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| MIGUEL M. TREVINO, <br><br> Petitioner, <br><br><br> vs. <br><br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | ORDER DENYING TREVINO'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE <br><br><br><br><br> Case No. 2:06cv1032 |

Before the court is Miguel M. Trevino's timely motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (#1).  Trevino bases his motion on three grounds.  First, he argues that his counsel was ineffective because she allowed him to plead guilty to a fatally flawed indictment that failed to allege any specific overt act for re-entry into the United States.  Second, Trevino asserts that his counsel was ineffective because she did not argue that it was unconstitutional for his sentence to be enhanced without a jury determination.  Third, he argues that the court violated his Fifth and Sixth Amendment rights under the United States Constitution when it failed to independently determine whether Trevino's prior convictions were for "crimes of violence."  The court finds no merit to these arguments.  Consequently, the court DENIES the motion.

## BACKGROUND

On February 2, 2004, a grand jury indicted Miguel Moreno-Trevino on the charge of Reentry of a Previously Removed Alien as defined in 8 U.S.C. § 1326. On February 25, 2004, Miguel Trevino pled guilty to this charge. As part of his Statement in Advance of Plea, Mr. Trevino stipulated that he was previously convicted for "Assault with a Deadly Weapon" on July 6, 1990, in the Superior Court of California.[1]

On May 27, 2004, Mr. Trevino was committed to the custody of the United States Bureau of Prisons for eighty-four months. Based upon the 2003 edition of the Sentencing Guidelines Manual, Mr. Trevino's base offense level was eight. This base level of eight was increased by sixteen levels under the specific offense characteristic adjustment because Mr. Trevino was previously deported after conviction for a felony that is a crime of violence.[2] The crime of violence was described in the pre-sentence report as "Assault, Great Bodily Injury with a Deadly Weapon, Felony/Superior Court of California, Amador County, CA; Case No. 16372."[3]

On June 30, 2004, Mr. Trevino filed a Notice of Appeal. The Tenth Circuit, on January 23, 2006, issued its Mandate affirming the trial court. Mr. Trevino timely filed this motion to vacate, set-aside, or correct sentence and conviction pursuant to 28 U.S.C. § 2255, alleging ineffective assistance of counsel and violation of his Fifth and Sixth Amendment rights.

---

[1] Statement in Advance of Plea 9, Case No. 2:04-CR-51 (Docket No. 13).

[2] Although the pre-sentence report states that Mr. Trevino was deported after conviction for an "aggravated felony," the sixteen level increase was a result of the classification of the prior conviction as a "crime of violence." *See* U.S.S.G. § 2L1.2(b)(1)(A).

[3] Presentence Report ¶ 27, Case No. 2:04-CR-51.

**ARGUMENT**

*A.     Mr. Trevino's valid indictment did not need to allege an overt act*

Mr. Trevino asserts his counsel was ineffective because she failed to challenge the fact that the indictment did not "allege a specific overt act that was a substantial step toward re-entry into the United States of America."[4] He contends that his plea was involuntary because "had he known that his indictment was defective he would have never plead guilty" and would have insisted on going to trial.[5] The court finds no merit to this argument.

In *Strickland v. Washington*, the United States Supreme Court provided the framework under which courts review ineffective assistance of counsel claims.[6] In order for Mr. Trevino to prove ineffective assistance of counsel, he must show, "by a preponderance of the evidence, that (1) counsel's performance fell below an objective standard of reasonableness, and (2) prejudice, such that there is a reasonable probability that but for counsel's errors, the outcome of the trial would have been different."[7]

Mr. Trevino's counsel had no reason to challenge the indictment because the charge of illegal entry of a previously removed alien under 8 U.S.C. § 1326(a) does not require that the indictment "allege a specific overt act that was a substantial step toward re-entry into the United States of America."[8] It is undisputed that the indictment does not expressly allege an overt act;

---

[4] Pl.'s Mem. Supp. 2255 Mot. 2-6 (Docket No. 1).

[5] *Id.* at 5.

[6] 466 U.S. 668 (1984).

[7] *Young v. Sirmons*, 486 F.3d 655, 674-75 (10th Cir. 2007) (citing *Strickland*, 466 U.S. at 692-93).

[8] Pl.'s Mem. Supp. 2255 Mot. 2-6 (Docket No. 1).

nor does it allege a physical crossing of the border.  However, Section 1326 provides that any alien who "enters, attempts to enter, *or is at any time found in*, the United States" may be subject to punishment.[9]  The indictment in Trevino's criminal case reads in part:

> On or about January 7, 2004, in the central Division of the District of Utah, MIGUEL MORENO-TREVINO, the defendant herein, an alien who on or about July 11, 2003, was excluded, removed, and deported from the United States, was knowingly present and *was found in the United States* in the District of Utah, having not obtained the consent of the Attorney General of the United States . . . ."[10]

The fact that the indictment failed to allege a specific overt act is irrelevant.  It was enough for the indictment to allege that Mr. Trevino was simply found in the United States.  Accordingly, the court finds no merit to Mr. Trevino's first argument.

> B.  *Mr. Trevino's counsel was not ineffective for failing to argue that a jury must determine the enhancements in this case*

Mr. Trevino's second argument is that his plea was involuntary and counsel was ineffective because counsel did not argue that Mr. Trevino's enhancements should have been addressed by a jury.  Specifically, Mr. Trevino argues that in light of *Apprendi v. New Jersey*,[11] *United States v. Booker*,[12] and *Cunningham v. California*,[13] a jury should have determined whether the sixteen point enhancement based on his prior crime of violence was appropriate.  The court finds no merit to this argument.

---

[9] 8 U.S.C. § 1326(a)(2) (emphasis added).

[10] Indictment, Case No. 2:04-CR-51 (Docket No. 1) (emphasis added).

[11] 530 U.S. 466 (2000).

[12] 543 U.S. 220 (2005).

[13] 127 S. Ct. 856 (2007). Because this case involved a review of California's Determinate Sentencing Law, the case is inapplicable to the current case and the court declines to address it.

Section 2L1.2 of the United States Sentencing Guidelines addresses the offense levels for a defendant that unlawfully enters or remains in the United States.  Section 2L1.2(b)(1)(A) provides for an increase of the base offense by sixteen levels if the defendant previously was deported after "a conviction for a felony that is . . . a crime of violence."  The United States Supreme Court, in *Blakely v. Washington*, restated its decision in *Apprendi* that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt" or admitted by the defendant.[14]  The *Booker* court held that this rule applies to the Federal Sentencing Guidelines.  Nevertheless, Trevino's counsel had no reason to argue that a jury should have addressed Mr. Trevino's enhancements.

The sixteen point enhancement was not subject to jury determination for at least two reasons.  First, the enhancement was based on the fact of a prior conviction.  *Apprendi* and *Blakely* expressly exclude this fact from one needing jury determination.[15]  Second, Mr. Trevino admitted to the fact of his prior conviction in his Statement in Advance of Plea.[16]  A defendant will not have a *Booker* claim if he admits to the facts that increased his sentence.  Accordingly, Mr. Trevino's second argument also fails to demonstrate ineffective assistance of counsel.

    C.    "Assault with a deadly weapon" squarely falls within the definition of a "crime of

---

[14] *Blakely*, 542 U.S. at 296 (quoting *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) (internal quotations omitted)).

[15] *See id.*

[16] Statement in Advance of Plea 9, Case No. 2:04-CR-51 (Docket No. 13) (stating that he was previously convicted of Assault with a Deadly Weapon in 1990).

*violence"*

Mr. Trevino's last argument is that his constitutional rights were violated because his prior convictions did not support the sixteen level increase in his base offense level. Mr. Trevino asserts that the court failed to properly determine whether the prior convictions were for crimes of violence because it, in the view of Mr. Trevino, only relied on the characterization of the crime contained in the pre-sentence report. The court finds no merit to this argument because his conviction for assault with a deadly weapon, a conviction expressly admitted to by Mr. Trevino in his Statement in Advance of Plea, squarely falls under the definition of a "crime of violence."

When determining whether a prior conviction was for a crime of violence, a sentencing court must apply a formal categorical approach, "looking only to the statutory definitions of the prior offenses, and not to the particular facts underlying those convictions."[17] The Tenth Circuit, in applying *Taylor*, has held that if "the statute is ambiguous, or broad enough to encompass both violent and nonviolent crimes, a court can look beyond the statute to certain records of the prior proceedings, such as the charging documents, the judgment, any plea thereto, and findings by the [sentencing] court."[18] The Tenth Circuit has also held that language of U.S.S.G. § 2L1.2(b)(1)(A) did not preclude the district court from looking to the underlying facts of a prior conviction when imposing sentence.[19]

As noted above, a defendant that unlawfully enters or remains in the United States is subject to a sixteen level increase if the defendant previously was deported after committing a

---

[17] *See Taylor v. United States*, 495 U.S. 575, 600 (1990).

[18] *United States v. Dwyer*, 245 F.3d 1168, 1171 (10th Cir. 2001).

[19] *United States v. Martinez-Candejas*, 347 F.3d 853, 858-60 (10th Cir. 2003).

"crime of violence."[20]  For purposes of this section that provides for this increase, a "crime of violence" is defined as any of the following: "murder, manslaughter, kidnapping, aggravated assault, . . . or any offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another."[21]

Mr. Trevino's presentence report lists his 1990 conviction of "Assault, Great Bodily Injury with a Deadly Weapon" as the ground for the sixteen level increase.[22]  Moreover, Mr. Trevino stipulated that he was previously convicted in 1990 for "Assault with a Deadly Weapon" in his Statement in Advance of Plea.[23]   Although the record does not indicate that the sentencing judge specifically looked to the statute to determine whether "assault with a deadly weapon" would qualify as an "aggravated assault" or an offense under state law "that has as an element the use, attempted use, or threatened use of physical force against the person of another," such an investigation would simply confirm the obvious – that assault with a deadly weapon is a crime of violence.  In fact, this court has a hard time envisioning a conviction that would fall more squarely under a crime a violence than assault with a deadly weapon.  Nevertheless, this court looks to the statutory definitions and finds the following.

"Assault" is defined in Section 240 of the California Penal Code as "an unlawful attempt, coupled with a present ability, to commit a violent injury on the person of another."[24]  California

---

[20] U.S.S.G. § 2L1.2(b)(1)(A).

[21] Application of Subsection (b)(1), Definitions, U.S.S.G. § 2L1.2.

[22] Presentence Report ¶¶ 15, 27, Case No. 2:04-CR-51.

[23]  Statement in Advance of Plea 9, Case No. 2:04-CR-51 (Docket No. 13).

[24] Cal. Penal Code § 240 (2005) (same language as in 1990).

Penal Code § 245, "assault with deadly weapon or force likely to produce great bodily injury; punishment," provides that "[a]ny person who commits an assault upon the person of another with a deadly weapon or instrument other than a firearm or by any means of force likely to produce great bodily injury shall be punished by imprisonment in the state prison for two, three, or four years . . . ."[25] The court does not find these statutes ambiguous or broad enough to include non-violent crimes. Whether the court, based on these statutes, classifies Mr. Trevino's conviction as an "aggravated assault" or an offense that has as an element the use or attempted use of physical force against another, the result is the same – Mr. Trevino's prior conviction was for a crime of violence. The court finds no merit to Mr. Trevino's third argument.

For the reasons stated above, the court DENIES Mr. Trevino's motion (#1). The Clerk's Office is directed to close this case.

DATED this 30th day of July, 2007.

BY THE COURT:

_____
Paul G. Cassell
United States District Judge

---

[25] *Id.* § 245 (2005) (same language as in 1990).